IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MALCOLM FIGURES**                                                                                           **PLAINTIFF**
**#0035632**

V.                              NO. 3:22-cv-00155-KGB-ERE

**JAMMIE FLOYD,** *et al.*                                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Figures' claims has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.   Background:**

Plaintiff Malcolm Figures, an Arkansas Division of Correction inmate formerly incarcerated at the Greene County Detention Center ("Detention Center"), filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983. *Docs. 1, 10, 12*. Mr. Figures alleges that, while he was incarcerated at the Detention Center, Sergeant

Jammie Floyd used excessive force against him on July 23, 2022, after which, Sergeant Jammie Floyd, Officer Cameron Hughes, Officer Williams Johnson, and Officer Luke Morris[1] used dishwashing and lice soap to rinse out his eyes.[2]

Pending before the Court is Defendants' motion for summary judgment, a supporting brief, and a statement of undisputed facts arguing that Mr. Figures failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 38, 39, 40*. Mr. Figures has not responded to Defendants' motion, and the time for doing so has passed.[3] *Doc. 41*. Defendants' motion is now ripe for review.

For the reasons explained below, I recommend that the Court grant Defendants' motion for summary judgment and dismiss Mr. Figures' claims, without prejudice, based on his failure to fully exhaust his administrative remedies.

### III.  Discussion:

####   A.    The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison

---

[1] **The Clerk is instructed to update the docket sheet to reflect the full names of Defendants Cameron Hughes, William Johnson, and Luke Morris.** *Doc. 38.*

[2] The Court previously dismissed Mr. Figures' claims against the Greene County Detention Center. *Doc. 11.*

[3] Because Mr. Figures did not respond to Defendants' statement of facts, those facts are deemed admitted. See Local Rule 56.1.

conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Figures to satisfy the Detention Center's requirements for raising and exhausting the claims he is asserting in this lawsuit before bringing this action.[4]

B.  **The Detention Center's Grievance Procedure**

The Detention Center grievance procedure provides that the inmate kiosk system is available to all inmates. *Doc. 40-4 at 1*. The inmate is required to submit a grievance statement "via the electronic kiosk system." *Id. at 2*. "The grievance shall state fully the nature of the grievance to include the time, date, names of Detention Officer and/or staff members involved, and pertinent details of the incident, including the names of any witnesses." *Id*.

---

[4] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

When the administrative staff or designated grievance officer receives the grievance, he or she must determine whether the conduct referenced in the grievance constitutes: "(1.) [a] prohibited act by Detention Officer or staff member; (2.) [a] violation of the inmate's civil rights; (3.) [a] criminal act; [or] (4.) [a] wrongful removal of inmate privileges." *Id*.

If the conduct complained of in the grievance constitutes a violation of an inmate's civil rights, the reviewing officer "shall" conduct a "thorough investigation." *Id*. Any inmate who submits a grievance "shall receive a written response following the investigation of the grievance." *Id*. If an inmate is not satisfied with the grievance decision or response, the inmate may appeal the grievance decision. *Id*.

### C. Mr. Figures' Grievance History

Defendants submit the declaration of Jail Administrator Sheila Robertson. *Doc. 40-1*. Ms. Robertson states that between the date of the alleged incident, July 23, 2022, and the date Mr. Figures filed the supplement to his amended complaint in this lawsuit, September 15, 2022, Mr. Figures submitted 64 requests and grievances. *Id. at 2*. She explains that Mr. Figures did not submit any grievances relating to his allegations in this case. *Id*. The Court has reviewed the requests and grievances attached to Defendants' motion and agrees. *Doc. 40-3*.

4

Mr. Figures offers no evidence to dispute Defendants' evidentiary showing that he failed to fully exhaust his administrative remedies regarding the claims raised in this lawsuit. Thus, on this record, there is no genuine issue of material fact regarding his failure to exhaust his administrative remedies, and his claims should be dismissed, without prejudice.

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion for summary judgment (*Doc. 38*) be GRANTED.

2.   Mr. Figures' claims against Defendants be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3.   The Clerk be instructed to close this case.

Dated this 29th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE